IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YADA SMITH, *et al.*,

    Plaintiffs,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., *et al.*,

    Defendants.

Case No. 3:18-cv-03122-S (BT)

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is this *pro se* civil action are Defendant Mortgage Electronic Registration Systems, Inc.'s (MERS) Motion to Dismiss (ECF No. 5) and Plaintiffs Yada Smith and Edward Robertson's Motion to Remand (ECF No. 8). For the following reasons, the District Court should DENY Plaintiffs' Motion to Remand, GRANT MERS's Motion to Dismiss, and DISMISS Plaintiffs' claims with prejudice.

### Background

This lawsuit is the latest in a series of actions challenging foreclosure proceedings initiated against certain real property owned by Plaintiffs Yada Smith and her husband Edward Robertson in Cedar Hill, Texas (the "Property"). In fact, this action is now the fifth judicial proceeding Plaintiffs have initiated to forestall foreclosure of the Property.

1

On October 28, 2013, Beneficial Financial I (Beneficial), Plaintiffs' mortgage lender at that time, sent Smith a notice to vacate the Property because she and Robertson failed to make monthly mortgage payments for over two years. Def.'s App. at 52-58. When Plaintiffs did not vacate the Property, Beneficial filed a forcible detainer action in Dallas County, Texas, which concluded with a judgment in favor of Beneficial. *Id.* at 59-75. Smith appealed this judgment to County Court at Law Number 5 of Dallas County, which granted final summary judgment in favor of Beneficial on April 18, 2014. *Id.* at 44-48. Then, Smith appealed the County Court at Law's ruling to the Court of Appeals, Fifth District of Texas, which affirmed the judgment in favor of Beneficial (the "Fifth District Ruling"). *Id.* at 33-41.

Smith then sought to prevent foreclosure with a series of filings in bankruptcy court. First, Smith filed for bankruptcy protection in the Northern District of Texas Bankruptcy Court. *Id.* at 88-124. Smith later filed an adversary complaint in bankruptcy court against Beneficial and MERS seeking a determination from the court that she held superior title to the Property (the "First Adversary Complaint"). *Id.* at 125-43. The bankruptcy court granted Beneficial's motion to dismiss the First Adversary Complaint. *Id.* at 144-59. Smith later filed another adversary pleading in the bankruptcy court in August 2016 (the "Second Adversary Complaint"), but the bankruptcy judge dismissed the Second Adversary Complaint because the underlying bankruptcy case had been dismissed. *Id.* at 181-82.

Meanwhile, Smith had taken to state court to seek relief: before the dismissal of the Second Adversary Complaint, Smith filed a lawsuit in the 191st District Court of Dallas County, Texas. *Id.* at 183-95. Smith filed an amended petition (the "2016 Petition") naming as defendants MERS and Beneficial and containing substantially similar allegations as the First Adversary Complaint. *Compare id.* at 183-95 *with id.* at 125-43. MERS and Beneficial removed the 2016 Petition to this court. *See* Notice of Removal (ECF No. 1), in 3:16-CV-2709-D. The district judge granted MERS and Beneficial's motion for judgment on the pleadings but permitted Smith an opportunity to amend her complaint, so Smith filed an amended complaint on July 7, 2017. Pl.'s Am. Compl. (ECF No. 20), in 3:16-CV-2709-D. When MERS and Beneficial moved to dismiss the amended complaint, the court granted the motion and dismissed Smith's claims *with prejudice.* Def.'s App. at 209-10.

Thirteen days later, Smith re-filed identical claims (the "2017 Petition") in the Northern District of Texas against MERS and Beneficial. *Id.* at 1-20. On August 10, 2018, the undersigned United States magistrate judge issued Findings, Conclusions, and Recommendation that MERS and Beneficial's Motion to Dismiss be granted based on *res judicata.* The district judge accepted the undersigned's FCR and dismissed Smith's 2017 Petition with prejudice on September 5, 2018. Def.'s App. at 319.

Smith refiled the same claim against MERS and Wilmington Savings Fund Society FSB, as Trustee for Stanwich Mortgage Loan Trust (Wilmington) on May

10, 2018. The defendants in that case moved to dismiss her live complaint filed on August 22, 2018 (the "2018 Complaint"). Mot. to Dismiss (ECF No. 10), in 3:18-CV-02065-G. Upon recommendation of United States Magistrate Judge Irma Ramirez, the district judge dismissed Smith's 2018 Complaint. Final. J. (ECF No. 34), in 3:18-CV-02605-G. Judge Ramirez found *res judicata* provided a basis for dismissal of Smith's claims against MERS. FCR (ECF No. 32), in 3:18-CV-02605-G. Final Judgment was entered on July 8, 2019. Final J. (ECF Nos. 34), in 3:18-CV-02605-G.

While the 2018 Complaint lawsuit was pending, Smith filed a petition, styled "Liability Related to a Fraudulent Court Record or a Fraudulent Lien or Claim Filed Against Real or Personal Property," in the 160th District Court of Dallas County, Texas, on October 11, 2018. Pl.'s Original Pet. at 1 (ECF No. 1-3). In it, she named MERS, Linda Green, and Lorraine Brown as defendants, *id.*, but the docket reflects that Smith failed to serve Green and Brown. MERS, however, filed an answer in state court on November 19, 2018, and then timely removed Plaintiffs' petition to this Court on November 27, 2018. Answer (ECF No. 1-15); Notice of Removal (ECF No. 1). Plaintiffs filed a Motion to Remand (ECF No. 8) on December 10, 2018. MERS then filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Both the Motion to Remand and Motion to Dismiss are fully briefed and ripe for adjudication.

**Legal Standard**

To survive MERS's Rule 12(b)(6) motion to dismiss, Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs' factual allegations must "raise [their] right to relief above the speculative level," but they do not need to be detailed. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (citing *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 417 (5th Cir. 2010)). Plaintiffs' claims have facial plausibility if they "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to [Plaintiffs]." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a

court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Additionally, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

Additionally, "[i]t is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). The Court liberally construes Plaintiffs' Complaint with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even for *pro se* parties, however, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.*

## Analysis

Plaintiffs' Motion to Remand should be denied, and Plaintiffs' claims against MERS should be dismissed based on *res judicata*. Additionally, Plaintiffs' claims against Defendants Linda Green and Lorraine Brown should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

6

# I.

The jurisdiction of federal courts is limited. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). They possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, a court "must presume" a suit lies outside its limited grant of jurisdiction, and the burden of establishing jurisdiction lies with the party seeking to invoke the federal forum. *Howery v. Allstate*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant seeking to remove a case to federal court satisfies his burden by showing a basis for federal jurisdiction and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court an action filed in state court if the action could have originally been filed in the federal forum. However, courts strictly construe § 1441 "because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Title 28 U.S.C. § 1332 creates federal subject matter jurisdiction where complete diversity of citizenship exists between the parties and the amount in

controversy exceeds $75,000. See 28 U.S.C. §§ 1332(a), (b). "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

MERS's removal was proper based on diversity of citizenship under § 1332. First, complete diversity of citizenship exists between the parties. In evaluating diversity jurisdiction, "the state where someone establishes his domicile serves a dual function as his state of citizenship." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). Domicile requires (1) residence and (2) the intention to remain. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). And under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." In this case, there is no dispute that Smith and Robertson are domiciled in Texas and are therefore Texas citizens for jurisdictional purposes. With respect to MERS's citizenship, Plaintiffs have not sufficiently rebutted MERS assertion that it is incorporated in Delaware with its principal place of business in Virginia. Accordingly, there is complete diversity of citizenship.

MERS also has established the amount in controversy exceeds $75,000 where the value of the Property is over $100,000—sufficiently greater than $75,000. MERS properly characterizes Plaintiffs' petition as seeking declaratory and injunctive relief because Plaintiffs request "a judgment that would give them

8

title to the property at issue . . . ." Notice of Removal at 5, ¶ 14. Under Fifth Circuit precedent, when declaratory or injunctive relief is sought, it is well-established that the amount in controversy is measured by the value of the object of the litigation. *Nationstar Mortgage LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009); *see also Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). MERS has presented evidence that the Property was valued at $167,970 in 2018. *See* Ex. G – DCAD Website (ECF No. 1-20); Ex. H, De Leon Aff. (ECF No. 1-21). In addition, MERS presented evidence that Plaintiff Smith executed a deed of trust encumbering the property at issue and securing a loan of $129,564. Ex. I, Deed of Trust (ECF No. 1-22). Thus, in view of this evidence, MERS has established the amount in controversy exceeds $75,000.

The arguments Plaintiffs make in favor of remand are inapposite. First, MERS does not need a written consent from Linda Green or Lorraine Brown to perfect removal, as neither individual has been served with process. *Hayden v. Allstate Texas Lloyds*, No. H-10-646, 2011 WL 240388, at *5 (S.D. Tex. Jan. 20, 2011) ("there are also three well-recognized exceptions to the rule that all defendants must join in the removal petitions to effect removal: (1) where the defendant was not yet served with process at the time the removal petition was filed . . . ."). And neither the *Younger* abstention nor the *Rooker-Feldman* doctrine prohibits the Court from exercising jurisdiction.

The *Younger* doctrine requires that federal courts abstain from exercising jurisdiction where doing so would interfere with parallel state proceedings. *See*

*Younger v. Harris*, 401 U.S. 37, 44 (1971). However, the Supreme Court has emphasized that only "exceptional circumstances" fit within the *Younger* doctrine; they include (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). The Fifth Circuit has set forth three conditions that must be met for *Younger* abstention to apply: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). Because Plaintiffs have wholly failed to establish the existence of these three conditions, the *Younger* doctrine does not apply.

The *Rooker-Feldman* doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp,* 544 U.S. 280, 284 (2005). The purpose of this doctrine is to prevent lower federal courts from reviewing state court error, where such review is best left to the state appellate court. *See MAPP Constr., LLC v. M&R Drywall, Inc.*, 294 F. App'x 89, 92 (5th Cir. 2008); *see also Atl. C. L. R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970) (emphasizing that lower federal courts cannot sit in direct review

of state court decisions). The scope of the doctrine is narrow and only applies when a plaintiff can establish four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015). Among other things, with respect to the fourth element, Plaintiffs must have originally filed suit in federal court. *See Marketing On Hold, Inc. v. Jefferson*, 2010 WL 2900492, *4, (W.D. Tex. July 19, 2010) (stating "*Rooker-Feldman* requires a situation where the losing party in state court files suit in federal court") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 284). *Rooker-Feldman* does not apply to proceedings initiated in state court that are removed to federal court. *See Aburto v. Midland Credit Mgmt., Inc.*, 2009 WL 2252518, *9 (N.D. Tex. July 27, 2009).

Because this case was properly removed on the basis of diversity jurisdiction and Plaintiffs are not entitled to remand, their Motion to Remand should be denied.

## II.

As a preliminary matter relating to MERS's Motion to Dismiss, the Court acknowledges the general rule that "res judicata cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). However, the Court also observes the Fifth Circuit's pronouncement that "[w]ith respect to a specific

11

affirmative defense such as res judicata, . . . if the facts are . . . conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss." *Larter & Sons, Inc. v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952); *see also Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 386–87 (5th Cir. 2005) (affirming the grant of a Rule 12(b)(6) motion on res judicata grounds). Therefore, "a Rule 12(b)(6) dismissal on the basis of the doctrine is appropriate when it is clear from the complaint and other matters of which the courts takes judicial notice, that the plaintiff's claims are barred as a matter of law." *Rocky Mountain Choppers, LLC v. Textron Fin. Corp.*, 2012 WL 6004177, at *4 n.4 (N.D. Tex. Dec. 3, 2012) (quoting *Houbigant, Inc. v. Dev. Specialists, Inc.*, 229 F. Supp. 2d 208, 220 (S.D.N.Y. 2002)). As set forth herein, it is clear from Plaintiffs' complaint and the prior proceedings of which the Court may take judicial notice that Plaintiffs' claims are barred as a matter of law. Accordingly, there is no reason why the Court should not consider the affirmative defense of res judicata raised in MERS's motion to dismiss. *Thompson v. Dall. City Attorney's Office*, 2017 WL 3189711, at *3 (N.D. Tex. July 27, 2017) (Fish, J.) (granting motion to dismiss on res judicata grounds), *aff'd*, 913 F.3d 464 (5th Cir. 2019); *Helms v. Wells Fargo Bank, N.A.*, 2013 WL 12188349, at *3 (N.D. Tex. Dec. 17, 2013) (Means, J.) (same); *Sale v. GAB Robins N. Am., Inc.*, 2011 WL 13232596, at *2 (N.D. Tex. Feb. 10, 2011) (Godbey, J.), *adhered to on reconsideration*, 2011 WL 13299083 (N.D. Tex. Sept. 9, 2011); *Yeckel v. The Carl*

*B. & Florence E. King Found. Ret. Pension Plan & Welfare Benefit Program*, 2006 WL 2434313, at *3-*7 (N.D. Tex. Aug. 21, 2006) (Fitzwater, J.) (same).

"'Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."). A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). The Fifth Circuit uses the "transactional test" to determine whether two actions involve the same claim or cause of action. *Id*. "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt*, 365 F.3d at 395-96). The facts making up a transaction are "determined pragmatically;" however, the critical issue is "whether the two actions

13

are based on the same nucleus of operative facts." *Id.* (quotation marks and citation omitted).

The elements of *res judicata* are apparent on the face of Plaintiffs' petition. Smith has sued MERS numerous times among the prior lawsuits, so the identical-parties requirement is satisfied with respect to Smith and MERS.[1] Although in this lawsuit Smith joined her husband as a Plaintiff, the identical-parties requirement is still satisfied with respect to him even if has was not a party to any prior proceedings. *Cuauhtli v. Chase Home Fin. LLC*, 308 F. App'x 772, 773 (5th Cir. 2009) (agreeing with district court's determination that husband and wife's relationship was sufficient for *res judicata* purposes even where husband and wife were not identical parties because husband asserted his wife had a vested ownership interest in the property since it was community property). Here, the Deed of Trust states that Robertson signed the deed *pro forma* and recognizes that, when Smith transacted for the Property she was married to Robertson. Under Texas Family Code § 3.003(a), "[p]roperty possessed by either spouse during or on dissolution of marriage is presumed to be community property." "Under Texas law, a 'fiduciary duty exists between a husband and a wife regarding the community

---

[1] The Court takes judicial notice that this case is the fifth lawsuit Plaintiffs have filed in response to threats of foreclosure on the Property. *See Reneker v. Offill*, 2012 WL 2158733, at *12 (N.D. Tex. June 14, 2012) (quoting *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007)). ("Courts can take judicial notice, for example, of the existence of a prior judgment for the limited purpose of proving that a judgment was entered . . . or of 'a document filed in another court . . . to establish the fact of such litigation and related filings[.]'").

property controlled by each spouse.'" *Cuahuhtli*, 308 F. App'x at 773 (quoting *Loaiza v. Loaiza*, 130 S.W.3d 894, 900 (Tex. App.—Fort Worth 2004)). Thus, such a fiduciary relationship satisfies the identical-parties element of *res judicata*. Furthermore, the final judgments in the 2016 Lawsuit and the 2017 Lawsuit were entered by District Courts in the Northern District of Texas—a court of competent jurisdiction, and were dismissals with prejudice, satisfying the second and third requirements of *res judicata*. *See Stevens v. Bank of Am., N.A.*, 587 F. App'x 130 (5th Cir. 2014) (holding that judgment dismissing with prejudice mortgagors' earlier action against mortgagee was a final judgment on the merits for *res judicata* purposes); *see also Crear v. US Bank, N.A.*, 2017 WL 3267925, at *1 (N.D. Tex. June 13, 2017) (same), *adopted by* 2017 WL 3233492 (N.D. Tex. July 31, 2017). Finally, the present lawsuit arises out of the same alleged foreclosure proceedings that are the subject of the other four lawsuits. That Smith has altered some of her allegations, causes of action, or theories among the lawsuits does not prevent the application of *res judicata. See Cuahuhtli*, 308 F. App'x at 774 (finding it to be immaterial that some of the legal theories differed between separate complaints arising out of the same alleged wrongful foreclosure). The Court therefore finds Plaintiffs' present lawsuit is barred by *res judicata*, and Defendant's Motion to Dismiss should be granted.[2]

---

[2] The Court pretermits consideration of MERS's other arguments for dismissal.

The Court further recommends that this case be dismissed with prejudice and without giving Plaintiffs any opportunity to amend, because any such amendment would be futile. *Ransom v. Nat'l City Mortg. Co.*, 2014 WL 717198, at *6 (N.D. Tex. Feb. 25, 2014) ("Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal[,]" but it is not required where "granting leave to amend would be futile and cause needless delay.").

### III.

As the parties who initiated this litigation, Plaintiffs are primarily responsible for the progress of this case. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."). The Federal Rules of Civil Procedure require that Plaintiffs serve the summons and a copy of the complaint upon each of the defendants. Fed. R. Civ. P. 4(c)(1). Here, the record does not reflect that Plaintiffs ever served Defendants Linda Green or Lorraine Brown. Therefore, Plaintiffs' claims against these Defendants should be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Hickerson v. Christian*, 283 F. App'x. 251, 253 (5th Cir. 2008) (per curiam) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)) ("A district court may *sua sponte* dismiss an action for failure to prosecute under Rule 41(b)."); Fed. R. Civ. P. 41(b)).

## Recommendation

For the reasons stated, Plaintiffs Yada Smith and Edward Robertson's Motion to Remand (ECF No. 8) should be DENIED. Defendant MERS's Motion to Dismiss (ECF No. 5) should be GRANTED on res judicata grounds, and Plaintiffs' claims and causes of action against MERS should be DISMISSED with prejudice. Plaintiffs' claims against Linda Green and Lorraine Brown should be DISMISSED without prejudice for failure to prosecute.

**SO RECOMMENDED**.

August 30, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

17